IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSALINDA SAMANO BOLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-cv-01567-E |
| COSTCO WHOLESALE | § | |
| CORPORATION, D/B/A COSTCO | § | |
| WHOLESALE A/K/A COSTCO | § | |
| WHOLESALE MEMBERSHIP, INC. | § | |
| A/K/A TROP-EXOTICA WHOLESALE | § | |
| IMPORTS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court, in this suit for personal injury, is Plaintiff's Motion for Leave to File Late Pretrial Materials (Doc. 42) ("Plaintiff's Motion"). After considering Plaintiff's Motion, Defendant's response, and the applicable law, the Court DENIES Plaintiff's Motion.

## Background

The Scheduling Order in this case set the following deadlines pertinent to this motion: 1) Pretrial Disclosures due on August 13, 2021; 2) Pretrial Materials due on September 10, 2021; and 3) Jury trial set for October 5, 2021 (Doc. 5).

On August 27, 2021, the parties jointly filed an Agreed Motion to Extend Deadline for Pretrial Disclosures. In this agreed motion, the parties requested this Court change the deadline for Pretrial Disclosures to September 3, 2021. This motion was filed because Plaintiff and Defendant missed the August 13 deadline (Doc. 33). The Court granted that motion (Doc. 35).

Defendant timely filed its Pretrial Disclosures and Pretrial Materials in accordance with the new deadline. Conversely, Plaintiff missed the deadlines to file Pretrial Disclosures and Pretrial

Materials despite the Court's extension of the deadlines. On September 14th, 2021, Plaintiff filed her Motion for Leave to File Late Pretrial Materials (Doc. 42). The Court had set the jury trial for October 19, 2021 (Doc. 41). Because the jury trial date was set for the following month, the Court ordered an expedited response and reply to Plaintiff's Motion (Doc. 43). Defendant timely filed a response (Doc. 44). The deadline to file a reply has passed and Plaintiff neglected to file any reply in support of her motion.

## Legal Standard

The Federal Rules allow district courts, for good cause, to extend time for filing deadlines either before the deadline, or after the deadline if there was excusable neglect. *See Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020) (citing FED R. CIV. P. 6(b)(1)). Relevant factors to an excusable neglect inquiry include: 1) the danger of prejudice to the nonmovant; 2) the length of delay and its potential impact on the judicial proceedings; 3) the reason for delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *See Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161, n.8 (5th Cir. 2006) (citing *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1076 (5th Cir. 1980); *Pioneer Inv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)).

## Analysis

After considering the four factors, this Court concludes that yet another extension of time is unwarranted. In particular, the Court finds the risk of unfair prejudice to the Defendant and the impact on the Court's docket both weigh in favor of denying Plaintiff's Motion.

This Court also finds Plaintiff's reasons for delay and good faith unavailing. Looking first to the first factor the Court considers when deciding to grant such leave as Plaintiff has requested:

1. The risk of prejudice to the Defendant weighs strongly in favor of denying Plaintiff's

Motion.

The risk of prejudice to the Defendant is crystal clear—this jury trial commences in thirteen days. Defendant has still not received Plaintiff's Pretrial Disclosures or Pretrial Materials. Allowing Plaintiff to file these materials now would mean Defendant, instead of preparing its case for trial, will have to spend time objecting to Plaintiff's untimely filing. Instead of having fourteen days before trial for Defendant to lodge objections, Defendant would have to file objections in the middle of trial.

Plaintiff's motion makes a sweeping, conclusory statement, "Defendant will not be prejudiced by the extension of time that Plaintiff seeks," when nothing could be further from the truth (Doc. 42 at 3). If this Court denies Plaintiff's Motion, Plaintiff has little to no evidence or witnesses to present to the jury. If this Court grants Plaintiff's Motion, Defendant will have to sift through Plaintiff's untimely materials instead of preparing Defendant's own case for trial.

Also, since Defendant filed its Pretrial Disclosures and Pretrial Materials on time, Plaintiff has had thirty-six days to review Defendant's Pretrial Disclosures and twenty-six days respectively to review Defendant's documents while taking extra time to prepare her own. Not only would granting this relief fail to deter late filings, it incentivizes parties to blatantly disregard deadlines, resulting in trial by ambush on the compliant party.

In contrast, Defendant argues "[i]t is fundamentally unfair to Defendant that Plaintiff has had Defendant's Pretrial Disclosures and Pretrial Materials for three and two weeks, respectively, yet Defendant has yet to see Plaintiff's Pretrial Materials, with less than three weeks now remaining before the trial of this matter." (Doc. 44 at 3). The Court agrees with the Defendant. Plaintiff failed to file a reply and in doing so, failed to address this important point. Accordingly, the risk of prejudice to Defendant weighs heavily in favor of denying Plaintiff's Motion.

    2. The length of delay and its potential impact on the judicial proceedings weighs in favor of denying Plaintiff's Motion.

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019). As stated above, Plaintiff and Defendant jointly requested to extend the deadline for Pretrial Disclosures to September 3, 2021 because they both "overlooked" the original August 13, 2021 deadline (Doc. 33 at 2). The Court granted the extension (Doc. 35). Defendant then timely filed its Pretrial Disclosures (Doc. 34). Once again, Plaintiff missed the deadline for Pretrial Disclosures. Then, Plaintiff missed the deadline for Pretrial Materials. Plaintiff's habit of missing deadlines creates chaos in the Court's schedule and prejudices Defendant.

Plaintiff cites one case, *Hetzel v. Bethlehem Steel Corp.*, to argue that "the extensions sought will not delay this Court's schedule" (Doc. 42 at 3) (citing 50 F. 3d 360, 367 (5th Cir. 1995)). However, Plaintiff fails to explain how this case supports her motion, as *Hetzel* revolved around summary judgment deadlines. If anything, *Hetzel* affirms that district courts have discretion to deny extensions that would move a case from its current scheduled calendar month—which this Court would have to do to avoid unfair prejudice to the Defendant. *See* 50 F. 3d at 367 (finding no abuse of discretion where the district court's denial of the movant's motion to extend the deadline to respond to the summary judgment motion "would have required the cause to be removed from the district court's April calendar.").

Finally, this case is now thirteen days away from jury trial. This case is currently on its second trial setting. Granting Plaintiff's Motion would mean rescheduling it for a jury trial once again. Accordingly, the impact on these proceedings weighs in favor of denying Plaintiff's motion.

    3. Plaintiff's reason for delay is unavailing.

Plaintiff's stated reasons for missing the deadlines to file the Pretrial Disclosures and Pretrial Materials were twofold: 1) the firm representing Plaintiff lost two attorneys and a legal assistant between August 13, 2021 and September 10, 2021, doubling the workload of the two remaining attorneys; and 2) on September 13, 2021 at 10:30 am, the firm's only remaining associate was advised that her elderly parents were diagnosed with Covid-19 requiring her to leave urgently to attend to them (Doc. 42 at 3). Although the Court sympathizes with this situation, these reasons do not outweigh the risk of prejudice to the Defendant and the negative impact on the Court's need to keep cases on schedule.

Three attorneys from the firm representing Plaintiff appeared on the record throughout this suit. Plaintiff does not argue that any of those three left the firm. In fact, one of those attorneys filed this motion and another was mentioned as still being with the firm on September 13, 2021.

Second, that the firm's only remaining associate had to leave to attend to her sick parents on September 13, 2021 is unfortunate, but due to the timing is ultimately irrelevant to the September 3, 2021 Pretrial Disclosure deadline and the September 10, 2021 Pretrial Material deadline. Ten and three days, respectively, had already passed between the deadlines to file those documents and the time the associate had to leave to care for her parents. Thus, these reasons are unpersuasive.

4. Plaintiff's good faith is unavailing.

Assuming the Plaintiff acted in good faith, which this Court does assume, good faith alone does not outweigh the first two factors. Plaintiff's good faith does not change the outcome of the analysis when weighing the other factors.

## Conclusion

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion

is hereby DENIED.

ENTERED this 6th day of October, 2021.

Ada Brown
UNITED STATES DISTRICT JUDGE